UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

In re:                                          Case No.03-28533MDM -7
VOELSKE, DANA M.
         Debtor(s).

_____

Glenn O. Givens Jr.
         Plaintiff,
                                         Adversary Case No.
vs.
Franklin Mortgage Funding Corp.

         Defendants

_____

**COMPLAINT TO RECOVER A PREFERENTIAL TRANSFER PURSUANT TO §547 OF THE BANKRUPTCY CODE, AND TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF LIEN OR OTHER ENCUMBRANCE**

_____


**ALLEGATIONS**

This is a core proceeding related to the Chapter 7 bankruptcy case referenced in the caption of this Complaint, and the Court has jurisdiction to preside over the matter pursuant to 28 U. S. C. 157(b)(1), 28 U. S. C. 1334(b).

(1)     The Plaintiff in this action is:
            Glenn O. Givens Jr., Trustee
            P.O. Box 511820
            Milwaukee, WI 53203

(2)     The Defendant in this action
            Franklin Mortgage Funding Corp.
            C/O Reinhart, Boerner & Van Deuren
            P.O. Box 2265
            Waukesha, WI 53187-2265

(3)     On 05/29/03, an order for relief under Chapter 7 of the Bankruptcy Code was

entered in this case.

(4) Plaintiff is the duly qualified and acting Chapter 7 Trustee.

(5) The Section 341 meeting of creditors was conducted on 07/07/03, at which time the Debtors testified. The meeting was concluded on 07/07/03.

(6) That on May 20, 2005, the had an interest in the following described property:

1231 E. Burleigh Street, Milwaukee, WI

(7) That on or about May 20, 2003 Defendant and the debtor signed a note in the amount of $124,100. The recision period expired on May 23, 2003.

(8) Said note was entered into by the debtor to allow the debtor to refinance the existing mortgage on debtor's home.

(9) On June 10, 2003 the above named defendant, a creditor, recorded a mortgage, lien or other security interest in said property of the debtor.

(10) That more than 10 days elapsed between the date that the debtor signed the note and the recording of the mortgage.

(11) That the recording of the mortgage constituted a transfer of property.

(12) The transfer of said mortgage enabled the defendant to receive more than would have been available in a Chapter 7 liquidation.

(13) That the act of recording the mortgage is a preference and therefore voidable by the trustee pursuant to §547(b) of the Bankruptcy Code.

(14) That pursuant to §547(f), the debtor is presumed insolvent on the date that the security interest was taken.

(15) That debtor was in fact insolvent at the time that the mortgage, lien or other security interest was taken by the defendant.

.        WHEREFORE, Plaintiff prays for the following judgment against Defendant:

   a.  Voiding the transfer of mortgage and any assignments;

   b. Preserving the lien for the benefit of the Bankruptcy Estate; and

   c. A judgement in favor of Plaintiff for all payments made by Dana Voelske to the Defendant on the above mentioned mortgage.

Dated this 12th day of May, 2005.

>                    Glenn O. Givens Jr.
>                    Trustee/Plaintiff.
>                    P.O. Box 511280
>                    Milwaukee, WI 53203
>                    (414)374-7797
>                    glenngivens@yahoo.com