UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

DANA M. VOELSKE,

                 Debtor.

Case No. 03-28533-MDM

Chapter 7

_____

GLENN O. GIVENS, JR.,

                 Plaintiff,

v.

FRANKLIN MORTGAGE FUNDING CORP.,

                 Defendant.

Adversary No. 05-2327

_____

MEMORANDUM DECISION ON DEFENDANT'S MOTION TO DISMISS
_____

      The chapter 7 trustee filed an adversary proceeding to recover an alleged preferential transfer pursuant to 11 U.S.C. § 547 and to determine the validity, priority or extent of the defendant's lien. Instead of filing an answer to the complaint, the defendant moved to dismiss the proceeding.

      This court has jurisdiction under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(F). This decision constitutes the court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052. For the reasons stated below, the defendant's motion is denied.

BACKGROUND

      The material facts are uncontested. On May 20, 2003, the debtor refinanced her mortgage with the defendant, Franklin Mortgage Funding Corporation, and the recision period expired on May 23, 2003. She granted Franklin a mortgage to secure the loan on May 20, 2003. The record does not disclose when Franklin actually paid over the funds to the debtor's prior lender, but

presumably it was on or about May 23, 2003.  The debtor subsequently filed for bankruptcy relief on May 29, 2003.  The defendant recorded the mortgage on June 10, 2003.

ARGUMENTS

In support of its motion to dismiss, the defendant argues the trustee's complaint should be dismissed because the transfer, i.e. perfection, of the mortgage to Franklin was "made" just three business days after the debt to Franklin was incurred.  By operation of 11 U.S.C. § 547(e)(2)(C), the mortgage to the defendant was deemed "made" on May 28, 2003, the day immediately before the date of the filing of the petition, notwithstanding its actual recording with the Register of Deeds on June 10, 2004.  That mortgage secured a loan that became effective on May 23, 2003 – a mere three business days (or five calendar days) earlier.  As a matter of law, the defendant contends that the transfer of the mortgage was a "contemporaneous exchange for new value" that is protected from avoidance by section 547(c)(1).

Although the trustee did not respond to the motion to dismiss, he alleged in the complaint that the recording of the mortgage more than ten days from the signing of the note constituted an avoidable transfer of property under 11 U.S.C. § 547(b).  Although the recording took place post-petition, the complaint is couched in the form of avoidance of a preference.

DISCUSSION

Section 547(b) of the Bankruptcy Code provides that, except as provided in subsection (c), the trustee may avoid any transfer of property of the debtor

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>     (A) on or within 90 days before the date of the filing of the petition; or
>     (B) between ninety days and one year before the date of the filing of the petition,

> if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if –
>> (A) the case were a case under chapter 7 of this title;
>> (B) the transfer had not been made; and
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). All five elements are prerequisites to the finding of a voidable preference. *Barash v. Public Finance Corp.*, 658 F.2d 504 (7th Cir. 1981).

Preferences deal only with transfers made *before* the filing of the petition. The debtor granted Franklin a security interest in her house before filing, and it was not yet perfected at the time of filing. If nothing else had happened, the trustee could have avoided that transfer to the creditor and preserved the lien for the benefit of the estate using his avoiding powers as a hypothetical bona fide purchaser pursuant to 11 U.S.C. § 544(a)(3). *See* 11 U.S.C. § 551. However, the defendant perfected its interest *after* the bankruptcy was filed (there is no evidence its employees were aware of the filing), and it argues that the perfection relates back to the day before filing, so it can avail itself of defenses to perfection as a preferential transfer.

> Section 547(e)(2) of the Bankruptcy Code provides that a transfer is made:
>
> (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time, except as provided in subsection (c)(3)(B);
> (B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or
> (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of –
>> (i) the commencement of the case; or
>> (ii) 10 days after such transfer takes effect between the transferor and the transferee.

11 U.S.C. § 547(e)(2).

If we were to apply the plain meaning of this statute only, which the mortgage holder urges, the creditor would be almost home free. Section 547(c)(3)(B) does not apply, because that

statute relates to a purchase money security interest, and the instant transaction was a refinance. Had the creditor perfected within ten days of the transfer of the mortgage to refinance the debtor's debt secured by her house, the perfection would have related back to the date of the transfer. In that case, the perfection would not have been deemed a separate transaction, and there would be no preference. 11 U.S.C. § 547(e)(2)(A). That did not happen, so this section does not apply either. Franklin argues the present facts fit under 11 U.S.C. § 547(e)(2)(C); in which case the date of perfection is deemed to be immediately before the date of filing the petition. In fact, the transfer of the mortgage to Franklin was *not* perfected before the later of the commencement of the case or ten days after the transfer became effective between the transferor and the transferee, and thus it appears that the conditions of 11 U.S.C. § 547(e)(2)(C) are met. Having a perfection date deemed to be only five calendar days and three business days after transfer, while not as good as having perfection relate back to the date of the transfer, still puts the creditor in a good position for the "substantially contemporaneous exchange" defense under 11 U.S.C. § 547(c)(1).

Section 547(c) lists eight exceptions to the general rule of avoidability under section 547(b). The burden of proof is on the transferee to demonstrate by a preponderance of the evidence that one of the exceptions to avoidance under section 547(c) is applicable. 11 U.S.C. § 547(g). In particular, section 547(c)(1) provides that a trustee "may not avoid under this section a transfer (1) to the extent such transfer was (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and (B) in fact a substantially contemporaneous exchange." 11 U.S.C. § 547(c)(1).

The defense must establish three elements: (1) whether the parties intended a contemporaneous exchange, (2) whether the exchange was in fact substantially

4

contemporaneous, and (3) whether the exchange was for new value. The first and last elements are easily established. The parties intended to refinance the debtor's previous mortgage and the precise benefit received from the creditor fit within one of the five categories of "new value" – i.e., money, goods, services, new credit, or the release of property – enumerated in section 547(a)(2). Although these are issues of fact, this court concludes on this record that the defendant has established as a matter of law that the transfers were intended to be contemporaneous and were for new value given to the debtor.

The element requiring more analysis is whether the exchange was in fact substantially contemporaneous. Although section 547(e)(2) provides a bright-line ten day requirement for perfection to relate back to the date of transfer, section 547(c)(1) uses a more elastic term. "[T]he modifier 'substantial' makes clear that contemporaneity is a flexible concept which requires a case-by-case inquiry into all relevant circumstances (e.g., length of delay, reason for delay, nature of the transaction, intentions of the parties, possible risk of fraud) surrounding an allegedly preferential transfer." *Pine Top Ins. Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 969 F.2d 321, 328 (7th Cir. 1992). The *Pine Top* court, in applying this standard, found that a two- to three-week delay in perfecting did not defeat the substantially contemporaneous nature of the transaction involved given the circumstances surrounding the transaction. In particular, the court noted that the creditor in question took "immediate steps ... to begin the process of collateralization" and that, despite the delay in executing all the necessary documents, there was no indication the parties ever retreated from their understanding. *Id*. at 329.

Likewise, Congress knew how to adopt a specific time limit; it did so in the purchase money security interest exception in section 547(c)(3). It chose a less rigid standard for section 547(c)(1), no doubt because that provision governs a wider variety of loans and credit

5

transactions.  The interval between the transfer and perfection in this case, three business days and five calendar days, is well within what other courts have found to be contemporaneous.  *See, e.g., Matter of Anderson-Smith & Assoc.*, 188 B.R. 679, 689 (Bankr. N.D. Ala. 1995) ("the exchange between the parties was functionally simultaneous despite the nine day delay in the extension of new credit and the payment"); *In re Coco*, 67 B.R. 365, 370 (Bankr. S.D.N.Y. 1986) (rent payments made six and seven days later were "substantially contemporaneous exchanges" protected by section 547(c)(1), but rent payments that were 34 and 64 days late could not be avoided); *In re Air Vermont*, 45 B.R. 817 (D. Ver. 1984) (a security interest that was not "effective" until five days after the funds were advanced was substantially contemporaneous and not avoidable).  Therefore, this court is satisfied that Franklin could meet its burden of proof as to all elements of under 11 U.S.C. § 547(c)(1), if perfection is deemed to be immediately before filing the petition under 11 U.S.C. § 547(e)(2)(C).

The problem for the creditor here is that it perfected the transfer of the mortgage on June 10, 2003, twelve days after the debtor filed her chapter 7 petition.  By then the automatic stay was in effect.  11 U.S.C. § 362(a).  One of the exceptions to the automatic stay allows "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or *to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title*.  11 U.S.C. § 362(b)(3) (emphasis added).  The mortgage was not perfected within the time allowed under 11 U.S.C. § 547(e)(2)(A); therefore, the recording was done in violation of the automatic stay.  Acts done in violation of the stay are void, even if they were done in good faith without knowledge of the filing of the case.  While some courts have held that an act that is

6

not excepted from the stay is voidable, rather than void,[1] this court holds with the majority that the act is void. *See* 3 COLLIER ON BANKRUPTCY ¶ 362.11[4] (15th ed. Revised) (explaining majority of courts hold acts taken in violation of automatic stay are void, versus voidable as a minority of courts have held, and advocating majority opinion as the most well reasoned approach). Although a voidable act could be waived by the trustee – and his failure to raise it is clearly a waiver – the court cannot ignore a void act. Consequently, the mortgage is unperfected at the time of filing.

CONCLUSION

For the reasons discussed above, the defendant's motion to dismiss is denied. The defendant shall file an answer to the complaint within 30 days of the date of the order accompanying this decision. A separate order consistent with this decision will be entered.

Dated: September 29, 2005

>/s/ Margaret Dee McGarity
> Chief United States Bankruptcy Judge
> Eastern District of Wisconsin

---

[1] Some circuits have held that an action taken in violation of the stay is void, but that the bankruptcy court can validate the transaction based on equitable principles or because of the court's power under section 362(d) to annul the stay. *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905 (6th Cir.1993); *Matthews v. Rosene*, 739 F.2d 249 (7th Cir.1984); *In re Schwartz*, 954 F.2d 569 (9th Cir.1992); *In re Calder*, 907 F.2d 953 (10th Cir.1990); *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984). Other circuits take the position that the action that violates section 362 is voidable because the nullity (the transaction in violation of the stay) can be validated by retroactive relief from the stay. *Bronson v. United States*, 46 F.3d 1573 (Fed. Cir.1995); *In re Soares*, 107 F.3d 969 (1st Cir.1997); *Eastern Refractories Co. v. Forty Eight Insulations Inc.*, 157 F.3d 169 (2d Cir.1998); *In re Siciliano*, 13 F.3d 748 (3d Cir.1994); *In re Jones*, 63 F.3d 411 (5th Cir.1995).